**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RODOLFO ESTRADA-FARFAN, | ) | NO. CV 11-7339-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on September 12, 2011, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on October 5, 2011. Plaintiff filed a motion for summary judgment or remand on

February 17, 2012.  Defendant filed a motion for summary judgment on May 3, 2012.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed September 15, 2011.

**BACKGROUND**

Plaintiff alleges disability since November 1, 2006, based primarily on alleged orthopedic problems (Administrative Record ("A.R.") 37-52, 157-68).  Dr. Gerardo Canchola, apparently one of Plaintiff's treating physicians,[1] opined in a "Physical Capacity Evaluation" that Plaintiff could not lift any weight and could not perform any grasping or manipulation with his left hand (A.R. 407).

The Administrative Law Judge ("ALJ") found Plaintiff "has the following severe impairment: status post left shoulder surgery and cervical spine spurs with left foraminal impingement," but retains the ability to work (A.R. 20-24).  The ALJ rejected Dr. Canchola's contrary opinions, stating:

---

[1] The Ninth Circuit has held that a physician who has seen the claimant only twice for treating purposes qualifies as a "treating physician."  Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994); see also Benton v. Barnhart, 331 F.3d 1030, 1036-39 (9th Cir. 2003) (supervising psychiatrist who saw the claimant only once can qualify as a "treating physician"); but see Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (the "fact-specific" test for qualifying as a "treating physician" turns on the "duration of the treatment relationship and the frequency and nature of the contact" between physician and claimant).  Defendant does not appear to challenge Dr. Canchola's status as a treating physician.  See Defendant's Motion at 6 (in discussing Dr. Canchola, Defendant cites cases discussing treating physicians).

2

> The undersigned give [sic] Dr. Canchola's opinion little weight in making this decision. There are few treatment records in evidence from Dr. Canchola, who [sic] the claimant apparently saw on two occasions. No basis is provided for the assessed limitations. There is no credible support in the record for assessing the claimant as unable to lift any weight, grasp or manipulate items with the hands. There are other more persuasive medical source opinions of record.

(A.R. 22-23). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

///
///
///
///

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

In the present case, the ALJ erred by rejecting Dr. Canchola's opinions while stating legally insufficient reasons for doing so and without attempting to recontact Dr. Canchola. The ALJ's stated reason that "[t]here is no credible support in the record for assessing the claimant as unable to lift any weight, grasp or manipulate items with the hands" is insufficiently specific. See, e.g., Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . ."). The ALJ's stated reason that "[t]here are other more persuasive medical source opinions of record" is also insufficiently specific. Id.; see also McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice). Moreover, the contradiction of a treating physician's opinion by another opinion triggers rather than satisfies the requirement of stating "specific legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2009); Orn v.

1 | Astrue, 495 F.3d at 631-33; Lester v. Chater, 81 F.3d 821, 830-31 (9th
2 | Cir. 1995).

4 | Defendant argues that the ALJ properly rejected Dr. Canchola's opinions because of the paucity of treatment records and the conclusory nature of the opinions. The ALJ's duty to develop the record counsels against affirmance on such grounds, however. The ALJ should have ascertained from Dr. Canchola the "basis" for the "assessed limitations," including any basis to be found in treatment records. See 20 C.F.R. § 404.1512(e); Smolen v. Chater, 80 F.3d at 1288.

13 | The harmless error rule applies in the social security context. See Stout v. Commissioner, 454 F.3d 1050, 1054 (9th Cir. 2006). However, the potential harmfulness of the errors discussed above are "apparent from the circumstances," within the meaning of McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011).

19 | When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d at 603; see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

///

28 | The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

(9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. at 16,[3] the Harman holding does not direct reversal of the present case. Here, the Administration must recontact Dr. Canchola concerning "outstanding issues that must be resolved before a determination of disability can be made." Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of Dr. Canchola credited. See Luna v. Astrue, 623 F.3d at 1035 (remand rather than reversal where the improperly rejected treating physician opinion failed to identify a disability onset date).

///

///

///

**CONCLUSION**

---

[3] The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Luna V. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010); Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009); Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2012.

```
               _____/S/_____
                          CHARLES F. EICK
                  UNITED STATES MAGISTRATE JUDGE
```

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.